97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margarita Carolina RIVERS-VADO; Ervin Enrique Rivers-Vado,
Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70798.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided May 3, 1996.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, Nos. Atq-snz-vix, Adh-ckh-hdu.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: THOMPSON and KLEINFELD, Circuit Judges, and WILSON, District Judge.**
 
 
 5
 MEMORANDUM***
 
 
 6
 The Board of Immigration Appeals adopted the immigration judge's decision as its own, so we "treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The immigration judge wrote a careful decision, abjuring boilerplate and focusing upon the facts of this particular case. It is supported by substantial evidence on the whole record, so it must be affirmed. Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991).
 
 
 7
 The most substantial reason given by Mr. and Ms. Rivers-Vado for their asylum claim is that when their sister participated in the Sandinista literacy program, she was killed, and no explanation was ever given of how she died. This tragic family event does not make denial of asylum an abuse of discretion, however, because there is no evidence that the 1980 death of the petitioners' sister implies any physical threat to either petitioner. Arriaga-Barrientos, 937 F.2d 411, 414 (9th Cir.1991) (holding that acts of violence against immediate family members support a well-founded fear only where the violence "creates a pattern of persecution closely tied to the petitioner."); De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990).
 
 
 8
 Mr. Rivers-Vado left Nicaragua to avoid military conscription and hostility from Sandinista youth. The generalized requirement of conscription does not amount to persecution by reason of political opinion. Castillo, 951 F.2d at 1122. The hostile verbal expressions did not rise to the level of persecution. Acewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993). Mr. Rivers-Vado claims that he will be discriminated against economically in the taxi cab business because the taxi cooperatives are Communist, but the IJ found that there was "no specific information" in the record to support this allegation of probable economic discrimination. Mr. Rivers-Vado accordingly did not satisfy his burden of proving that his fear of economic discrimination, see Ubau-Marenco v. INS, 67 F.3d 750, 755 (9th Cir.1995), was well-founded. Acewicz, 984 F.2d at 1061.
 
 
 9
 Ms. Rivers-Vado refused to participate in the coffee and cotton harvests because of what had happened to her sister, but she was never physically harmed by the Sandinistas, was issued a passport, and suffered only verbal taunts for her political opinions. Her fear is that because of economic conditions in the country, as opposed to discrimination against people with her political opinions, she will be unable to earn enough money to attend the university. This "generalized economic disadvantage" does not amount to a well-founded fear of persecution, or give rise to a right of asylum. Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982).
 
 
 10
 There being no well-founded fear of persecution, a fortiori, there is no clear probability of persecution. De Valle, 901 F.2d at 793. Nor did petitioners suffer from "atrocious forms of persecution" which would give rise to asylum independently of a well-founded fear. Acewicz, 984 F.2d 1061.
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3